IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GUADALUPE GARCIA ORTIZ,<br><br>  Plaintiff,<br><br>v.<br><br>ROSS DRESS FOR LESS, INC.,<br><br>  Defendant. | Civil Action No. 3:21-CV-03180-K |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Guadalupe Garcia Ortiz's Motion for Sanctions Against Defendants Ross Dress for Less and Ross Stores, Inc. Due to Spoliation of Critical Evidence (the "Sanctions Motion"), Doc. No. 31, Defendants Ross Dress for Less, Inc. ("Ross") and Ross Stores, Inc. d/b/a Ross Dress for Less's Response to Plaintiff's Motion for Sanctions Due to Spoliation of Critical Evidence, Doc. No. 32, Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Sanctions Due to Spoliation of Critical Evidence, Doc. No. 33, Defendants' Motion for Summary Judgment (the "Summary Judgment Motion") and Brief, Amended Appendix, and Manual Filings in support thereof, Doc Nos. 34–35, 37–39, Plaintiff's Response Brief to Defendants' Motion for Summary Judgment, Doc. No. 44, Plaintiff's Brief in Response to Defendants' Motion for Summary Judgment, Doc. No. 45, and Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment and Brief in support thereof. Doc Nos. 46–47. Having considered the foregoing submissions, the Court

1

**GRANTS** Ms. Ortiz's Sanctions Motion in part. Ms. Ortiz has presented sufficient evidence that Ross spoliated a video depicting her slip and fall on a security tag in a Ross store to permit a jury to consider whether Ross deleted the video in bad faith and, if so, whether the video supports her claim against Ross. If the jury finds bad faith and infers that the video was unfavorable to Ross, the jury could conclude that the video showed Ross should have known of the security tag before Ms. Ortiz slipped. Because Ross's summary judgment arguments depend on the claim that no jury could find that Ross had such knowledge, the Court **DENIES** Ross's Summary Judgment Motion. Permitting the jury to infer that the video of Ms. Ortiz's fall was unfavorable to Ross upon a finding of bad faith sufficiently cures the prejudice to Ms. Ortiz caused by the video's loss, so the Court **DENIES** Ms. Ortiz's Sanctions Motion to the extent she requests additional sanctions against Ross.

I. BACKGROUND

A. Facts

On May 15, 2021, Ms. Ortiz slipped and fell on a security tag in a DeSoto, Texas store operated by Ross. Doc. No. 37, Ex. A at 7–8; Doc. No. 44-11 at 7. The tag, a "little black plastic" object that emits a noise when removed from merchandise, was somewhere between the store's cashiers and its purse aisle. Doc. No. 37, Ex. A at 6–9; *id.*, Ex. B at 20; Doc. No. 44-9 at 5. At the time, approximately two to four cashiers were on duty. Doc. No. 44-1; Doc. No. 44-6 at 2–5; Doc. No. 37, Ex. C. Two managerial employees, Area Supervisor Prines Johnson and his superior, Assistant

2

Manager Amaya St. Louis, were on duty, as well. Doc. No. 44-6 at 2–5. According to Ms. St. Louis, Ross employees found fallen security tags "daily." Doc. No. 44-8 at 8.

After Ms. Ortiz's fall, Mr. Johnson asked Ms. Ortiz about the fall, learned that she was "in pain," and informed her that Ross would file an incident report with its insurance company. Doc. No. 44-9 at 14–16; Doc. No. 31-1 at 7–8. Mr. Johnson then reviewed the surveillance video of Ms. Ortiz's fall alone. Doc. No. 44-9 at 12–13. Mr. Johnson's description of what he saw is the only record of the video's contents: "In the video, [Ms. Ortiz] was walking towards [Ross's] handbags at the store. She slipped—she stepped on a tag, did the splits, went down, tried to catch herself, and a couple of customers helped her up." *Id.* at 12. Mr. Johnson dialed 1-800-Yes-Ross and reported the fall to "risk." Doc. No. 31-5 at 9. According to Mr. Johnson, he later watched the surveillance video with Ms. St. Louis, who saved the video. Doc. 44-9 at 12–13; Doc. No. 31-5 at 9. At her deposition Ms. St. Louis could not remember whether she viewed the video. Doc. No. 44-8 at 12–14. She remembered only that she did not view the portion of the video depicting Ms. Ortiz's fall. Doc. No. 37, Ex. D at 36.

Eventually, word of Ms. Ortiz's fall reached Ross's claims manager, Sedgwick Claims Management Services, Inc. ("Sedgwick"), which asked the DeSoto store's Manager, Ronald Hinson, for footage of the fall. Doc. No. 41-10 at 6–8. Mr. Hinson testified that either Ms. St. Louis or Mr. Johnson provided Sedgwick with some surveillance footage of the store. *Id.* at 11. Ms. St. Louis denied saving video of Ms. Ortiz's fall for Sedgwick's use. Doc. No. 37, Ex. D at 36. While the dates of Sedgwick's

3

inquiries are not in the record, Sedgwick's inquiries tend to arrive "less than a month" after Sedgwick receives a report of a slip and fall incident. *Id.* at 6–8. Ross represents—but submits no evidence—that it routinely discards videos on a parallel timeline, retaining "footage for approximately 30-45 days." Doc. No. 32 at 2.

On June 14, 2021, twenty-nine days after Ms. Ortiz's fall, Joe Castillo, a Case Manager from the law firm representing Ms. Ortiz, called to inform Sedgwick that Ms. Ortiz slipped in a Texas Ross store at 5:00 PM on May 15, 2021. Doc. No. 32-1 at 2–4. Mr. Castillo reported that Ms. Ortiz had headaches and back and neck pain. *Id.* at 4. On the same day, Mr. Castillo faxed Ross a letter regarding the slip and fall "that occurred on 5/15/2021" that directed Ross to preserve "evidence that is relevant to our investigation," as well as "[a]ny and all photographs or video footage." Doc. No. 31-2 at 1. Sedgwick acknowledged the letter on June 23, 2021. Doc. No. 31-3 at 1.

The Parties agree that the correspondence between Mr. Castillo and Sedgwick contains an error: on May 15, 2021, Ms. Ortiz did not, as Mr. Castillo told Sedgwick, fall at 5:00 PM. Ms. Ortiz says she slipped around 7:00 PM because Ms. St. Louis testified that the fall occurred "closer to the end of her shift," scheduled to end at 7:00 PM. No. 37, Ex. D at 49. Ross says Ms. Ortiz slipped around 6:00 PM because Ms. St. Louis's complete testimony was that the fall occurred "closer to the end" of her shift between "10:00 to 6:00." *Id.* Ms. St. Louis punched out at 6:12 PM. Doc. No. 44-1.

4

Ross preserved two surveillance videos of the store where Mr. Ortiz fell covering the window of time around 5:00 PM on the day of the fall but not the windows of time around 6:00 PM or 7:00 PM.  Doc. No. 37, Ex. C; Doc. No. 32 at 3.  The preserved videos reveal no trace of the security tag that tripped Ms. Ortiz.  Doc. No. 37, Ex. C.

### B. Procedural History

On November 9, 2021, Ms. Ortiz filed an Original Petition in the 160th Judicial District Court of Dallas County alleging that Ross and its parent company, Ross Stores, Inc., are liable for the injuries resulting from her fall in Ross's DeSoto store.  Doc. No. 1.  On December 21, 2021, Ross and Ross Stores, Inc. removed Ms. Ortiz's suit to this Court, where Ms. Ortiz has amended her Petition twice.  *Id.*; Doc. No. 5; Doc. No. 16.  In her operative Third Amended Petition, Ms. Ortiz asserts a single premises liability claim against Ross and drops all claims against Ross Stores, Inc.  Doc. No. 16 ¶ 3.  While Ms. Ortiz and Ross still assume that Ross Stores, Inc. is a party, the Court does not, and it **DENIES** any relief requested by or from Ross Stores, Inc.

On November 22, 2022, Ms. Ortiz filed her Sanctions Motion.  She asks the Court to issue adverse inference instructions ordering the jury to find (1) that Ross viewed the video of her fall, (2) that the video depicted a Ross cashier placing or dropping a security tag on the floor of the DeSoto store where it tripped Ms. Ortiz, and (3) that Ross permitted the destruction of the video.  Doc. No. 31 at 1.  Ms. Ortiz also asks the Court to (4) strike Ross's defense that Ms. Ortiz should have seen the security tag before she fell, (5) prohibit Ross from arguing that it lacked constructive knowledge

that the security tag was on the floor where Ms. Ortiz fell, and (6) grant Ms. Ortiz attorneys' fees incurred preparing the Sanctions Motion. *Id.* at 1–2.

On February 6, 2023, Ross filed its Summary Judgment Motion seeking dismissal of Ms. Ortiz's premises liability claim. Doc. No. 34.

### C. Evidentiary Objections

Ms. Ortiz asks the Court to ignore deposition transcripts and videos filed by Ross in resolving Ross's Summary Judgment Motion. Doc. No. 45 at 1. She objects that deposition testimony is impermissible "credibility" evidence and that the videos are inadmissible hearsay. *Id.* at 1–2. The Court **OVERRULES** Ms. Ortiz's objections for the same reasons the court in *Anderson-Brown v. Kroger Texas, L.P.* overruled similar objections made by the same law firm to deposition testimony and graphic recordings. 2022 WL 4071944, at *5 (N.D. Tex. Sept. 2, 2022) (Lynn, J.), *aff'd*, 2023 WL 2570557 (5th Cir. Mar. 17, 2023). Federal Rule of Civil Procedure 56 permits the consideration of deposition testimony at summary judgment, and the Court may consider Ross's videos because they can be authenticated and introduced at trial. *Id.*

## II. THE COURT WILL PROVIDE MS. ORTIZ SOME RELIEF

Because there is evidence from a which a jury could conclude that Ross wrongfully deleted its surveillance video of Ms. Ortiz's slip and fall, the Court grants Ms. Ortiz's Sanctions Motion in part and will permit Ms. Ortiz to present the jury with evidence of the circumstances of the video's deletion. The Court will instruct the jury

that it may infer that the video was unfavorable to Ross if it finds that Ross deleted the video in bad faith.

The Court may give an "adverse inference" instruction telling the jury that it may or must presume that the deleted video was unfavorable if (1) Ross deleted the video in breach of a duty to preserve it, (2) the deletion prejudiced Ms. Ortiz or occurred during litigation, and (3) the deletion was a bad faith attempt to deprive Ms. Ortiz of evidence. *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 883 F. App'x 565, 574 (5th Cir. Mar. 8, 2022) (loss of evidence prior to litigation); Fed. R. Civ. P. 37(e)(2) (loss of electronic evidence during litigation). Ross does not dispute that it had a duty to preserve the video by June 14, 2021, when Ms. Ortiz's counsel told Ross to preserve evidence and contacted Ross's claims manager about Ms. Ortiz's fall. Ross also admits that the video was deleted after the duty arose. Doc. No. 32 at 3. Ross objects to an adverse inference instruction only because the video's deletion was, Ross contends, an innocent mistake that will not prejudice Ms. Ortiz. *Id.* at 8.

The Court finds the deletion of the video prejudicial to Ms. Ortiz. The contents of the video are potentially dispositive of her claim. She cannot recover damages unless she can offer "some proof of how long" the security tag on which she slipped was on the floor of Ross's DeSoto store. *Abdullahi v. Quick Trip Corp.*, 2022 WL 17417991, at *3 (N.D. Tex. Dec. 5, 2022) (Lynn, J.) (citation omitted). In its summary judgment briefing, Ross contends that this rule forecloses Ms. Ortiz's claim because she fails to "provide temporal evidence showing some definite period of time that the [tag] was on

7

the floor." Doc. No. 46 at 6. The video Ross lost contains the evidence Ross faults Ms. Ortiz for failing to present. Absent alternative sources of evidence, deletion of the video prejudiced Ms. Ortiz by preventing her from proving an essential element of her claim. *See Stirgus v. Dillard Dep't Store, Inc.*, 2018 WL 4634971, at *3 (E.D. La. Sept. 27, 2018) (destruction of store display that injured shopper prejudiced shopper).

The Court also finds limited evidence from which a jury could infer that Ross deleted the video in bad faith. Two of Ross's managerial employees, Ms. St. Louis and Mr. Johnson, were on duty at the time of Ms. Ortiz's fall. Doc. No. 44-8 at 11–15. One or both reviewed the video of the fall. Doc. 44-9 at 12–13. Later, either Ms. St. Louis or Mr. Johnson saved surveillance footage that Ross preserved as a record of the fall. Doc. No. 41-10 at 11. The footage covers the period from 4:30 PM to 5:15 PM even though Ms. St. Louis testified, and the Parties agree, that the fall occurred later. Doc. No. 37, Ex. C; *id.*, Ex. D at 49. Despite receiving a letter from Ms. Ortiz's counsel asking Ross to preserve evidence, Ross deleted the actual footage of the fall. Doc. No. 32 at 3. While Ross represents that it mistakenly preserved the wrong video because Ms. Ortiz's counsel told Ross's claims manager that Ms. Ortiz fell at 5:00 PM, a jury could find that Ross deleted the correct video in bad faith to prevent Ms. Ortiz from obtaining evidence it knew was unfavorable. *Id.*; *see Miramontes v. Peraton, Inc.*, 2023 WL 3855603, at *6 (N.D. Tex. June 6, 2023) (Boyle, J.) (bad faith where employees deleted messages covered by preservation notice); *Perkins v. Travelers Prop. Cas. Ins. Co.*, 2021 WL 2141733, at *1 (E.D. La. May 26, 2021) (in a slip and fall case,

8

"few pieces of evidence could be more relevant than surveillance video of the allegedly dangerous area" surrounding the fall, and its deletion "screams 'bad faith.'"). The Court will submit the issue of bad faith to the jury, and the jury may infer that the video was unfavorable to Ross if it finds that Ross deleted the video in bad faith. *See Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 646 (S.D. Tex. 2010) (Rosenthal, J.) (ordering similar submission).

The Court denies all other sanctions Ms. Ortiz requests. Striking Ross's defenses that Ms. Ortiz should have seen the security tag on which she slipped and that Ross lacked notice of the tag before the slip is unnecessary. If the jury finds that Ross deleted the video of Ms. Ortiz's fall in bad faith, the jury may consider the deletion as a substitute for the video's contents and may reject Ross's defenses based on that substitute evidence. *See Edwards v. 4JLJ, LLC*, 2018 WL 2981154, at *13 (S.D. Tex. June 14, 2018) (declining to strike defenses because adverse inference instruction and evidence were sufficient to litigate claim). The Court finds it prudent to await the jury's findings before granting Ms. Ortiz attorneys' fees incurred litigating her Sanctions Motion. She may renew her request for attorneys' fees after trial. *See Union Pump Co. v. Centrifugal Tech., Inc.*, 404 F. App'x 899, 906 (5th Cir. 2010) (per curiam) (denying request for attorneys' fees resulting from spoliation, which district court deferred until after trial).

### III.   THE COURT DENIES ROSS'S SUMMARY JUDGMENT MOTION

The Court's grant of sanctions requires denial of Ross's Summary Judgment motion. Ross moves on the theory that it did not and could not have discovered the

security tag on which Ms. Ortiz slipped before she slipped. Doc. No. 35 at 6. Since the jury may find that the lost video of Ms. Ortiz's fall was unfavorable to Ross, the jury could find that the video showed that Ross had a reasonable opportunity to discover the security tag. Other videos suggest that the tag was not on the floor of Ross's DeSoto store before 5:15 PM. Doc. No. 37, Ex. C. The store's Assistant Manager testified that the slip occurred near the end of her shift, and she punched out at 6:12 PM. *Id.*, Ex. D at 49; Doc. No. 44-1. The jury could infer that the deleted video showed the tag was on the floor for as long as fifty-seven minutes and, considering the presence of at least two cashiers near the tag and the contrast between the black tag and the light-colored floor, that Ross should have discovered the tag before Ms. Ortiz fell. *See Jackson v. Wal-Mart, Inc.*, 2022 WL 10128446, at *5 (S.D. Tex. Oct. 17, 2022) (Rosenthal, J.) (denying summary judgment where video showed slipping hazard present for an hour and defendant's employees nearby). The jury, and not the Court at summary judgment, must decide whether to make this factual finding. Fed. R. Civ. P. 56(a).

### IV.   CONCLUSION

The Court **GRANTS** in part and **DENIES** in part Ms. Ortiz's Sanctions Motion. Ms. Ortiz may ask the jury to find that Ross deleted the video of her fall in bad faith. The Court will instruct the jury that it may infer that the deleted video was unfavorable

to Ross if the jury finds bad faith. The Court denies all other requested sanctions against Ross. The Court **DENIES** Ross's Summary Judgment Motion.

    **SO ORDERED**.

Signed September 11th, 2023.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE

11